# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FROME WYE LIMITED,<br><br>      Plaintiff,<br><br>    v.<br><br>HOSIE RICE LLP, SPENCER HOSIE,<br>AND DIANE RICE,<br><br>      Defendants. | No. 22-MC-249-CFC<br><br>[FILED UNDER SEAL] |

## FROME WYE LIMITED'S MOTION FOR RECONSIDERATION

Plaintiff Frome Wye Limited ("Plaintiff") by and through its undersigned counsel, respectfully requests reconsideration of its Motion for Leave to File Under Seal (D.I. 1; *see also* D.I. 9) in the above-captioned matter pursuant to Federal Rules of Civil Procedure 5.2(d), 59(e), and District of Delaware Local Rule of Civil Practice and Procedure 5.1.3. In support of this Motion, Plaintiff avers as follows:

    1.    On June 2, 2022, Plaintiff filed a Motion requesting leave to file under seal a Petition to Confirm an Award (the "Award"). (D.I. 1.) The Motion for leave to file under seal (the "Motion") states there is good cause to seal Plaintiff's Petition to Confirm the Award because Section 16.1 of an Agreement - between parties to this lawsuit - requires the parties thereto to maintain the confidentiality of the contents of the Petition. (*See, e.g.*, D.I. 1 ¶ 2.)

2. On June 2, 2022, the Court granted in part and denied in part the Motion. (D.I. 7.) In so doing, the Court maintained the exhibits to the Petition under seal, but unsealed Plaintiff's Petition. (*See* D.I. 8.) The information in the Petition is based on the confidential information contained in the sealed exhibits and discloses some of that confidential information. (*See, e.g.*, D.I. 2 ¶¶ 8-31.)

3. After the Court partially denied Plaintiff relief (*see* D.I.7), Plaintiff filed a Letter seeking reconsideration to maintain the Petition under seal. (*See* D.I. 9.) Plaintiff filed its Letter, as opposed to a formal motion like this one, to expedite reconsideration of the Court's Order and protect the parties' contracted for "goodwill, *inter alia*, and business interests" (*id.*) as expediently as possible.[1] Plaintiff's Letter explains: "[p]ursuant to Section 16.1 of the Agreement, the parties acknowledged that disclosure of Confidential Information could result in irreparable injury, and Section 18.12.3 of the Agreement states that 'Confidential Information' includes the arbitration proceedings, judgment, and all other information related to arbitration initiated pursuant to the Agreement." (*Id.* ¶ 2.)

4. This Court applies a "good cause" standard to justify sealing or redacting judicial records; the standard is a "balancing process, in which [the] court[] weigh[s] the harm of disclosing information against the importance of

---

1 *See, e.g.*, *Amgen Inc. v. Amneal Pharma LLC*, No. 16-853-MSG, 2021 WL 4843959, at *1 (D. Del. Oct. 18, 2021) ("Cipla filed a letter with the Court requesting that [the Court] reconsider the portion of [its] order denying Cipla's motion to seal the data spreadsheets.").

disclosure to the public." *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507-08, 510 (D. Del. 2012). Courts in this District have found good cause to seal or redact information concerning arbitration awards, the underlying proceedings, and the agreements containing sensitive commercial information that parties have agreed to protect from public disclosure. *See, e.g.*, *Intellectual Ventures Mgmt., LLC v. Nokia Corp.*, C.A. No. 17-1002-CFC, D.I. 12 (D. Del. July 25, 2017) ("IV may file its (1) Petition to Vacate Final Arbitration Award and exhibit . . . under seal."); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (holding good cause existed to seal records "to protect the parties' confidential proprietary business and competitive interests."),

5. Motions for reconsideration may be granted to prevent manifest injustice. *See, e.g.*, *Amgen Inc.*, 2021 WL 4843959, at *2 ("I will exercise my discretion in favor of granting Cipla's motion for reconsideration in order to prevent a manifest injustice.") (vacating portion of the Sealing Order denying Motion to Seal). Pursuant to Local Rule 7.1.5, reconsideration motions should be granted "sparingly[,]" but – as noted – the Court may use its discretion to prevent manifest injustice. *See, e.g.*, *In re: Application of Storage Etzel GmbH*, C.A. No. 19-MC-209-CFC, D.I. 11 at 2 (D. Del. Oct. 30, 2019) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

6. As noted in Plaintiff's Letter (D.I. 9), Plaintiff seeks reconsideration of this Court's Order denying its request to seal the Petition to prevent manifest injustice to the parties. Public dissemination of the information in Plaintiff's Petition could cause irreparable harm to both parties if disclosed because the parties privately contracted to protect their good will and business interests when they entered into the confidentiality provisions of the Agreement. (*See, e.g.*, D.I. 2, Ex. 1 §§ 16.1, 18.12.3; Ex. 2 at 1; Ex. 3.; Ex. 4.) Review of paragraphs 8-31 in the Petition demonstrates these portions all include information from Plaintiff's exhibits. (*See, e.g.*, D.I. 2 ¶¶ 8-23 (referencing Ex. 1), *id.* ¶¶ 24-25 (referencing Ex. 2), *id.* ¶¶ 26-29 (referencing Ex. 3), *id.* ¶¶ 30-31 (referencing Ex. 4).); (*see also* Davis Dec.)

7. Candidly, Plaintiff is not motivated to litigate in secret, and did not file a Motion to Seal for that reason. Plaintiff's filing of its original Motion to Seal and this Motion for Reconsideration is predicated on §§ 16.1 and 18.12.3's requirement that the information in the Petition be maintained as confidential. And this Court's precedent permits closure under these circumstances. *See, e.g.*, *Intellectual Ventures Mgmt.*, C.A. No. 17-1002-CFC, D.I. 12 ("IV may file its (1) Petition to Vacate Final Arbitration Award and exhibit . . . under seal.").

8. For these reasons, Plaintiff respectfully submits: (1) good cause is present to seal the Petition (D.I. 2) pursuant to the confidentiality provision in the Agreement, and (2) the Court may use its discretion to grant Plaintiff's request for reconsideration to avoid manifest injustice to both parties in this action. A Proposed form of Order is attached for the Court's approval.

Respectfully submitted,

BAYARD, P.A.

Dated: June 9, 2022

*/s/ Ronald P. Golden III*
Peter B. Ladig (#3513)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
pladig@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Plaintiff*

**<u>Certificate of Font-Type Size and Word Count Compliance</u>**

I hereby certify that the forgoing brief complies with the Honorable Chief Judge Colm F. Connolly's *Standing Order Regarding Briefing In All Cases,* in that it has been prepared with Times New Roman font, 14 point, and the substance of this speaking motion totals 886 words according to the word-processing system used to prepare it, which falls within the 5,000 word limitation.

Dated: June 9, 2022

*/s/ Ronald P. Golden III*
Ronald P. Golden III (#6254)
