## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FROME WYE LIMITED,        )
           )
     Petitioner,     )
           )
v.                )     Civil Action No. 22-mc-249-CFC-SRF
           )
HOSIE RICE LLP *et al*,   )
           )
     Respondents.   )

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Presently before the court in this miscellaneous action are cross-motions seeking relief pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a), as follows: (1) Hosie Rice LLP ("Firm"), Spencer Hosie ("Hosie"), and Diane Rice's ("Rice"); collectively, ("Respondents") Motion to Vacate[1] the May 17, 2022, arbitration award ("Final Award") and (2) Frome Wye Limited's ("Petitioner") Motion to Confirm[2] the Final Award.  (D.I. 23; D.I. 29)  For the following reasons, I recommend DENYING Respondents' Motion to Vacate and GRANTING Petitioner's Motion to Confirm.

### II.    BACKGROUND

Petitioner provides litigation funding to law firms.  (D.I. 2 at ¶ 1)  Hosie and Rice are spouses and partners of their Firm.  (*Id.* at ¶ 5).  On September 10, 2018, the parties entered into a Law Firm Financing Agreement ("LFFA"), which generally provided that Petitioner would loan up to $1 million in litigation funding that Respondents would repay from successful

---

[1] The briefing for the Motion to Vacate is as follows: Respondents' memorandum in support thereof (D.I. 24), Petitioner's response (D.I. 28), and Respondents' reply (D.I. 33).

[2] The briefing for the Motion to Confirm is as follows: Petitioner's memorandum in support thereof (D.I. 30), Respondents' response (D.I. 36), and Petitioner's reply (D.I. 38).

outcomes in cases whether by verdict, settlement, or other resolution.[3]  (*Id.* at ¶¶ 8–10; *see* D.I. 8, Ex. 1).  Additionally, the LFFA granted Petitioner a security interest pursuant to a Deed of Trust in Hosie and Rice's California residence, which the LFFA defined as "Partner Collateral."  (D.I. 2 at ¶ 11; D.I. 8, Ex. 1 at §§ 1.23, 13.6)

The underlying dispute leading to the arbitration award at issue concerned whether Respondents' repayment obligation to the Petitioner under the LFFA was triggered when Respondents received a $4 million award on January 16, 2020, from arbitration of a fee dispute with their former client, Space Data.  (D.I. 2 at ¶¶ 14, 17)  It is undisputed that by the end of April of 2019, Respondents had borrowed approximately $800,000 in funding.  (*Id.* at ¶ 13; *see also* D.I. 24 at 6)  On June 23, 2020, Petitioner sent a formal demand for repayment and notice of termination of the LFFA effective July 1, 2020, absent satisfaction of the debt.  (D.I. 2 at ¶ 14; D.I. 31, Ex. 11)  In August 2020, Petitioner filed a Notice of Default ("NOD") and initiated nonjudicial foreclosure on the California residence.  (D.I. 2 at ¶ 15; D.I. 31, Ex. 31)

On September 10, 2020, pursuant to the LFFA's binding arbitration provision,[4] Respondents filed an Arbitration Complaint for breach of contract and a Motion for Emergency Relief seeking a preliminary injunction to prevent the enforcement of the NOD and foreclosure on the California residence.  (D.I. 2 at ¶ 16; D.I. 25, Ex. 7)  Petitioner filed a counterclaim for breach of contract, misrepresentation, and unjust enrichment.  (D.I. 31, Ex. 28)  On October 21, 2020, Otis McGee, the emergency arbitrator, enjoined the foreclosure.  (D.I. 2 at ¶ 18)

---

[3] The LFFA is governed by the laws of the State of Delaware.  (D.I. 8, Ex. 1 at § 18.4)
[4] Section 18.12 of the LFFA states: "Any dispute, claim, or controversy arising out of or relating to this Agreement shall be determined by final, binding, and non-appealable arbitration in Wilmington, Delaware. . ."  Further, the parties agreed in the LFFA that the arbitration "shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures."  LFFA § 18.12.3.  (D.I. 8, Ex. 1)

On November 11, 2020, an arbitration panel ("Panel") was appointed. (*Id.* at ¶ 19)  The Panel consisted of Kenneth M. Kramer (Chair), a lawyer experienced in arbitrating complex disputes, Hon. Shirley W. Korneich, a retired judge, and Gregory P. Miller, a former military and federal prosecutor. (*Id.*; *see* D.I. 31, Exs. 22–24)

On January 4, 2021, both parties requested permission to file Summary Disposition motions on issues of contract interpretation. (D.I. 25, Exs. 8–9)  They "agree[d] that discovery should begin only after the parties file and [the] Panel decides" the meaning of the contract terms in issue. (*Id.*, Ex. 9 at 44)  On January 16, 2021, the Panel issued Pre-Hearing Order No. 2 denying the request, allowing discovery on "issues related to the negotiation and meaning of the provisions concerning 'Gross Revenue' and 'Revenue Event,'" and staying discovery relating to damages. (D.I. 31, Ex. 12)

On February 16, 2021, the Panel changed course and issued Pre-Hearing Order No. 3 allowing submission of briefs on whether the terms "Gross Revenue" and "Revenue Event" in the LFFA were ambiguous and whether the award Respondents received following arbitration of a fee dispute with their former client, Space Data, triggered a repayment obligation to the Petitioner. (*Id.*, Ex. 13 at ¶ 1)  The Panel ordered that "[a]ll discovery [was] stayed pending further order of the Panel." (*Id.* at ¶ 4)

On May 5, 2021, following oral argument, the Panel issued Pre-Hearing Order No. 5, granting the parties' joint request for Summary Disposition on the disputed contract issues which the Panel would decide based on the briefs and oral argument. (*Id.*, Ex. 14 at ¶ 4)  On July 3, 2021, the Panel issued its Summary Disposition Order concluding that "under the unambiguous terms of the LFFA, the amount awarded to Hosie Rice in the fee arbitration between Hosie Rice and Space Data is Gross Revenue and a Revenue Event which gives rise to a repayment

obligation." (D.I. 8, Ex. 2 at 46)  Thus, the Panel rejected Respondents' contention that the

award in the Space Data fee dispute arbitration was for hourly, non-contingent fees for which it

owed no repayment obligation. (*Id.* at 44–46)  The Panel instead accepted Petitioner's

contractual interpretation that a repayment was triggered regardless of whether the fees were

contingent or based on an hourly rate. (*Id.*)

On July 21, 2021, Petitioner submitted its position that the appropriate next step was for

the Panel to assess damages in favor of Petitioner. (D.I. 31, Ex. 18)  Respondents requested

leave to file an amended Complaint. (*Id.*, Ex. 30)  The Panel issued Pre-Hearing Order No. 7

allowing Respondents to file a Motion to Amend the Complaint ("Motion to Amend") indicating

the Panel may choose to resolve the motion based on the briefing. (*Id.*, Ex. 16)  Respondents

moved to amend and their Proposed Amended Complaint ("PAC") included claims for fraud in

the inducement (Claim I), fraud in performance (Claim II), breach of contract (Claim III), and

twelve affirmative defenses. (D.I. 25, Exs. 10–11)  Petitioner opposed amendment. (D.I. 31, Ex.

26)

On October 18, 2021, the Panel issued its Order denying Respondents' Motion to Amend.

(D.I. 8, Ex. 3)  The Panel noted that the Respondents "[were] aware of all of the facts that are

now sought to be pled as claims . . . at the time it filed its Complaint" and only sought to add the

claims after Respondents' interpretation of the LFFA was rejected. (*Id.* at 51)  Notwithstanding

Respondents' delay in asserting the claims and defenses, the Panel carefully considered the

substance of the proposed amendments. (*Id.* at 51–54)  The Panel ruled that Respondents' fraud

in the inducement claim was futile because of the provision waiving reliance on pre-contractual

representations. (*Id.* at 51)  In addition, Respondents failed to plead the required scienter for

fraud under Delaware law. (*Id.*)  The fraud in performance claim was futile because

Respondents' contractual interpretation arguments were not supported or were previously rejected. (*Id.* at 51–52) Moreover, Respondents did not identify "any actionable misrepresentations or omissions." (*Id.* at 52) Regarding Respondents' proposed breach of contract claim, the Panel denied amendment based on futility because Respondent failed to allege that Petitioner breached an obligation imposed by the LFFA. (*Id.*) The Order also thoroughly explained the basis for the Panel's decision denying leave to amend for all twelve affirmative defenses based on similar reasons of futility and insufficient pleading. (*Id.* at 53–54) Respondents' usury defense was rejected by the Panel based upon its analysis that under Delaware law the defense was not available to the Firm, an LLP, and the individual Respondents, who were guarantors not co-borrowers. (*Id.* at 54)

In response to the Panel's Pre-Hearing Order No. 8, the parties submitted briefs relating to the damages claimed by Petitioner, in which Respondents again asserted the usury defense. (D.I. 31, Exs. 17, 19–20) The defense was, again, rejected by the Panel. (D.I. 8, Ex. 4 at 59) On May 17, 2022, after oral argument, the Panel issued its Final Award in favor of Petitioner directing Respondents to pay damages totaling $1,817,000. (*Id.* at 60)

On June 1, 2022, Petitioner commenced an action in this court for confirmation of the Final Award. (D.I. 1) The court heard oral argument on December 14, 2022, on the parties' cross-motions concerning whether the Final Award should be vacated or confirmed. (D.I. 23; D.I. 29) For the reasons which follow, the court recommends confirmation of the Final Award and denial of vacatur.

## III. LEGAL STANDARD

The FAA, 9 U.S.C. §§1 *et seq.*, governs this court's review of the Panel's Final Award. *See* 9 U.S.C. § 10(a); *see also* JAMS Comprehensive Arbitration Rules & Procedures ("JAMS

Rules") 25.  (D.I. 31, Ex. 21)  Federal policy favors arbitration, so courts start out with the

presumption that the awards are enforceable.  *Caputo v. Wells Fargo Advisors, LLC*, No. 20-

3059, 2022 WL 1449176, at *2 (3d Cir. May 9, 2022) (quotations omitted).  On review, a court's

ability is "severely limited" and "[a]rbitration awards are set aside only in very unusual

circumstances." *Provost v. Intrafusion Holding Corp.*, 926 F. Supp. 2d 532, 535 (D. Del. 2013)

(quoting *Millennium Validation Servs., Inc. v. Thompson*, 2006 WL 3159821, at *4 (D. Del.

2006) (internal quotations omitted)).  "[T]he sole question . . . is whether the arbitrator (even

arguably) interpreted the parties' contract, not whether he got its meaning right or wrong."

*Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013).  "A party seeking relief . . . bears

a heavy burden. . . . Because the parties bargained for the arbitrator's construction of their

agreement, an arbitral decision even arguably construing or applying the contract must stand,

regardless of a court's view of its (de)merits." *Id.* (internal citations and quotations omitted).

The FAA allows a federal court to vacate an arbitration award in four narrow

circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  In *Caputo*, the Third Circuit recognized vacatur of an arbitration award on

another, non-enumerated ground, "manifest disregard of law," but questioned whether this

ground survives the United States Supreme Court's decision in *Hall Street Assocs., L.L.C. v.

Mattel, Inc.*, 552 U.S. 576, 585 (2008).  *Caputo*, 2022 WL 1449176, at *2 n.11.

## IV.      DISCUSSION

Respondents admit that the FAA does not permit an arbitration award to be vacated on grounds that the Panel arguably reached the wrong legal conclusion. (*See* D.I. 33 at 1; D.I. 36 at 3) Respondents challenge the Final Award on two enumerated grounds under the FAA and also argue it should be vacated for manifest disregard of law. (D.I. 24 at 2–3) Specifically, they argue the Panel refused to hear evidence pertinent and material to the controversy such that they were deprived of a fair hearing under section 10(a)(3) of the FAA when the Panel denied Respondents the opportunity to engage in discovery and denied leave to amend their claims and defenses. (*Id.* at 18–19; D.I. 33 at 8–10) Additionally, Respondents assert the Panel exceeded its authority under section 10(a)(4) of the FAA and in manifest disregard of law in finding Hosie and Rice "guarantors" and not "co-borrowers" entitled to usury protection under Delaware law. (D.I. 24 at 20–22; D.I. 33 at 2–3) The court will address each of the arguments asserted.

### A.      Respondents Fail to Establish a Basis for Vacating the Final Award under Section 10(a)(3) of the FAA

Respondents argue the Final Award should be vacated because they were denied a fair hearing without an opportunity to take discovery. (D.I. 24 at 18–19) Respondents point to nothing in the record before the Panel of any effort they made to lift the stay and pursue discovery following the Panel's Summary Disposition Order on the contractual liability issues.

Respondents were fully aware that resolution of the disputed contract terms by Summary Disposition would affect the scope of discovery and acknowledged the same in their letter to the Panel:

> Finally, both parties agree that discovery should begin only **after** the parties file and this Panel decides the Summary Judgment questions outlined above. It is difficult to police fact discovery until one knows what basic issues remain in dispute. Streamlining discovery is one important reason why **both** parties have proposed early motions on key contractual meaning issues.

(D.I. 25, Ex. 9 at 44) (emphasis in original))  They claim they were denied discovery regarding witness testimony and document production, but there is nothing in the record demonstrating that Respondents ever requested any discovery following the Panel's decision on Summary Disposition.  (D.I. 36 at 3)

Moreover, once the Panel resolved the dispute over the terms "Gross Revenue" and "Revenue Event" under the LFFA, the only issue that remained was a determination of damages. Therefore, the alleged lack of discovery would not have impacted the Panel's Summary Disposition Order finding Respondents contractually liable to Petitioner.

Following the adverse ruling on Summary Disposition, Respondents moved to amend their claims to include fraud and breach of contract, as well as twelve additional affirmative defenses.  (D.I. 25, Exs. 10–11)  The Panel found that Respondents' efforts to assert other claims and defenses following an adverse ruling on interpretation of the LFFA reflected negatively on the "viability" of the proposed amendments.  (D.I. 8, Ex. 3 at 51)  The Panel denied Respondents' Motion to Amend.  (*Id.* at 54)

Without citing any case authorities nor any ground under the FAA to vacate the Panel's denial of a Motion to Amend, Respondents argue the Panel erred in denying their proposed fraud in the inducement and fraud in performance claims because they were wrongly held to the heightened pleading standard of Fed. R. Civ. P. 9(b).  (D.I. 24 at 14)  In addition, they argue the Panel misunderstood their breach of contract claim which Respondents state was meant to point out Petitioner's alleged miscalculation in the NOD of the amount due.  (D.I. 36 at 9–10 ("A lender seeking to enforce a Notice of Default through foreclosure has to get the basic math right" and Petitioner "overstated the amount due by $236,000"))

"Arbitrators have wide latitude in how they conduct proceedings; hence, a court's role in reviewing an arbitrator's procedural decisions is extremely limited." *Sabre GLBL, Inc. v. Shan*, 779 F. App'x 843, 856 (3d Cir. 2019) (internal quotations omitted). Once an arbitrator has been appointed, "no new or different claim may be submitted, except with the Arbitrator's approval." JAMS Rule 10. (D.I. 31, Ex. 21)

Here, the Panel rejected the fraud in the inducement and fraud in performance claims as not properly pled with particularity and deficient in their failure to allege scienter and misrepresentations. (D.I. 8, Ex. 3 at 51) Moreover, such claims were futile because the integration clause in the LFFA disclaimed reliance on representations outside the express terms of the contract. (*Id.*) Similarly, the breach of contract claims relating to prerequisites for additional funding and alleged infirmities with the Petitioner's NOD were found futile and fell outside of any obligations imposed by the LFFA. (*Id.* at 52) The proposed affirmative defenses fared no better for similar reasons rooted in the contract language of the LFFA. (*Id.* at 53–54) Lastly, the Panel rejected the addition of a usury defense based on application of the Delaware usury statute because the Firm, as an LLP, is prohibited from asserting the defense as are the individual Respondents who are deemed "guarantors." (*Id.* at 54) The usury defense issue is further addressed in section IV(B), *infra*.

Lacking authority for vacating the Panel's decision on their Motion to Amend, Respondents nonetheless assert a related argument that they were denied a fair hearing. This argument erroneously assumes that the claims and defenses they sought to include by amendment are in the case despite the Panel's ruling otherwise. Ignoring the heavy burden required of a party moving to vacate an award under section 10(a)(3) of the FAA, Respondents'

arguments amount to no more than re-litigating the merits of claims and defenses which they unsuccessfully attempted to assert in the Arbitration Proceeding.

Section (10)(a)(3) of the FAA "permits district courts to vacate arbitration awards 'where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy.'" *Caputo*, 2022 WL 1449176, at *4. The Third Circuit cautioned that:

> [Section] 10(a)(3) cannot be read . . . to intend that every failure to receive relevant evidence constitutes misconduct which will require the vacatur of an arbitrator's award. Vacatur under [section] 10(a)(3) is warranted only where the arbitrator's refusal to hear proffered testimony so affects the rights of a party that it may be said that he was deprived of a fair hearing. Like the manifest disregard of law standard, this is an extremely deferential standard and typically results in confirmation of an arbitration award.

*Id.*

Respondents have not identified any discovery, testimony, and evidence they did not have an opportunity to present to the Panel. Instead, they assert vague arguments in their brief. They contend, for example, that they should have had a "merits hearing" concerning the Petitioner's intent in contract formation, the Petitioner's failure to demand payment for hourly fees prior to learning of the recovery from Space Data, Petitioner's lack of risk under the LFFA and whether it was fully secured. (D.I. 36 at 3) They, again, raise the usury defense but point to no specific evidence they could have introduced beyond the Panel's consideration of the terms of the LFFA. (*Id.* at 13–14)

The court is not persuaded that the Panel's decision to deny the Motion to Amend deprived Respondents of a fair hearing. *See Caputo*, 2022 WL 1449176, at *5 (finding the arbitration panel's decision to preclude evidence of petitioner's discharge from work without cause did not fall under section 10(a)(3) of the FAA because he was an at-will employee; therefore, the evidence precluded had no bearing on the outcome).

In addressing the central issue under the LFFA, the Panel found its terms unambiguous and ruled the amount awarded to Respondents in the fee dispute arbitration with its former client, Space Data, is "Gross Revenue" and was a "Revenue Event" which gives rise to a repayment obligation. (D.I. 8, Ex. 2 at 46)  The ruling established Respondents' liability to Petitioner under the LFFA.  Respondents admit that they cannot relitigate this ruling.  Thus, there is no point to their argument that they were denied a fair hearing on vague issues that would not undermine the Panel's ruling establishing their undisputed contractual liability to Petitioners.  Therefore, the court recommends confirmation of the Final Award.

**B.      Respondents Fail to Establish a Basis for Vacating the Final Award under Section 10(a)(4) of the FAA**

Respondents argue that the Final Award should be vacated because the Panel exceeded its authority in manifest disregard of law when it ignored the plain text of the LFFA and Delaware usury law in its finding that Hosie and Rice are "guarantors." (D.I. 24 at 15–16, 20–21; D.I. 33 at 2–3)  Respondents first raised this argument unsuccessfully when they requested leave to add it as an affirmative defense and, again, in response to the adjudication of Petitioner's damages.  (*See* D.I. 25, Ex. 10; D.I. 31, Ex. 19)

The Panel twice explained the basis for its rejection of Respondents' usury defense.  (D.I. 8, Exs. 3–4)  Interpretating sections 4 and 13 of the LFFA, the Panel found the Firm to be the principal borrower and Hosie and Rice were guarantors of payment.  (*Id.*, Ex. 3 at 54; *id.*, Ex. 4 at 59)  Applying the Delaware usury statute, 6 Del. C. § 2306, the Panel held that a usury defense is not available to LLPs, like the Firm, and, therefore, the defense is not available to the individual guarantors, Hosie and Rice, if the defense is not available to the principal borrower. (*Id.*)

"[U]nder [section] 10(a)(4) of the FAA, a court cannot examine the merits of an

arbitrator's decision, correct factual errors, or overrule an award based on a mere disagreement

with the arbitrator's interpretation of a contract." *Caputo*, 2022 WL 1449176, at *4.

Respondents' disagreement with the outcome is not a basis for vacating the Final Award. *See*

*MarkDutchCo 1 B.V. v. Zeta Interactive Corp.*, 411 F. Supp. 3d 316, 327–28 (D. Del. 2019)

(finding the arbitrator did not exceed his authority under section 10(a)(4) because he interpreted

specific provisions in the contract).

At oral argument, Respondents cited for the first time this court's decision in *QAD, Inc.*

*v. Block & Co.*, arguing this case supports their position. No. 21-mc-370-MN, 2022 WL

1211302 (D. Del. Apr. 25, 2022). Respondents' reliance is misplaced because the court

confirmed the arbitration award in *QAD* and recommends the same result in this case.

Respondents correctly identify the legal standard under section 10(a)(4) of the FAA,

which the court applied in *QAD* and applies here: "The question for the court in applying

[section] 10(a)(4) is whether the arbitrator's award is 'irrational,' meaning that the award fails to

draw its essence from the agreement and cannot be rationally derived from the agreement, or that

the record contains no support for the arbitrator's determination." *QAD*, 2022 WL 1211302, at

*2. In *QAD*, the court considered "whether the arbitrator exceeded his authority under [section]

10(a)(4) in failing to enforce an unambiguous limited liability provision in the [contract] and

declaring it unconscionable." 2022 WL 1211302, at *3. The court ruled that it could not

relitigate the merits of unconscionability, regardless of whether the arbitrator reached the correct

decision. *Id.* at *3–4.

Just as in *QAD*, this court cannot relitigate the Panel's determination that the individual

Respondents are "guarantors," regardless of whether the Panel reached the correct decision.

Under section 10(a)(4), the court is not persuaded that the usury ruling is "irrational" or fails to draw its essence from the LFFA or cannot be rationally derived from the LFFA or lacks support. *See id.*, at *2; *see also Caputo*, 2022 WL 1449176, at *4 ("Simply put, we must enforce an arbitration award if it is based on an arguable interpretation of the contract."). Therefore, the court recommends confirming the Final Award.

## V.   CONCLUSION

For the foregoing reasons, I recommend DENYING Respondents' Motion to Vacate (D.I. 23), and GRANTING Petitioner's Motion to Confirm (D.I. 29) the Final Award issued on May 31, 2022, granting judgment in favor of Petitioner in the amount of $1,817,000.  (D.I. 8, Ex. 4)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2).  The objections and responses to the objections are limited to ten (10) pages each.  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.


Dated:  December 16, 2022

Sherry R. Fallon
United States Magistrate Judge