# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FROME WYE LIMITED,<br><br>        Plaintiff,<br><br>    v.<br><br>HOSIE RICE LLP, SPENCER HOSIE, AND DIANE RICE,<br><br>        Defendants. | No. 22-MC-249-CFC-SRF |

### PLAINTIFF FROME WYE LIMITED'S RESPONSE TO THE OBJECTIONS OF RESPONDENTS TO THE U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RECOMMENDING CONFIRMING PLAINTIFF'S FINAL ARBITRATION AWARD

 

BAYARD, P.A.

Peter B. Ladig (#3513)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
P.O. Box 25130
Wilmington, Delaware 19899
pladig@bayardlaw.com
rgolden@bayardlaw.com

Dated: January 13, 2023

*Attorneys for Plaintiff Frome Wye Limited*

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................... 1

LEGAL STANDARD.............................................................................................. 3

    I.     Respondents' "Usury Objection" Must Fail .........................................4

    II.    Respondents' "Due Process" Objection Lacks Basis
           in Law or Fact................................................................................7

CONCLUSION .................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                    **Page(s)**

*Caputo v. Wells Fargo Advisors, LLC*,
    2022 WL 1449176 (3d Cir. May 9, 2022) .................................................4, 5

*CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*,
    19 F.4th 236 (3d Cir. 2021) ........................................................................ 9-10

*Hall Street Assocs., L.L.C. v. Mattel, Inc.*,
    552 U.S. 576 (2008)..........................................................................................4

*Handley v. Chase Bank USA NA*,
    387 F. App'x 166 (3d Cir. 2010) ....................................................................3

*Mut. Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.*,
    868 F.2d 52, 57 (3d Cir. 1989) .......................................................................3

*QAD, Inc. v. Block & Co.*,
    2022 WL 1211302 (D. Del. Apr. 25, 2022) ................................................5, 7

*Sabre GLBL, Inc. v. Shan,*
    779 F. App'x 843 (3d Cir. 2019) ....................................................................8

**Rules and Statutes**

6 Del. C. § 2306 ........................................................................................................7

9 U.S.C. §10 ..............................................................................................................4

# INTRODUCTION

Respondents Hosie Rice LLP, Spencer Hosie, and Diane Rice (together, "Respondents") present a litany of baseless allegations concerning both factual matters and legal issues in Respondents' Objections to the Magistrate Judge's Report and Recommendation (D.I. 44 or "Brief")—none of which have any bearing on the actual merits of their objections.  As was true throughout the underlying arbitration proceedings held before a highly respected panel of three arbitrators (the "Panel") applying JAMS Comprehensive Arbitration Rules & Procedures ("JAMS Rules") and briefing on the parties' competing Motions to Vacate and Confirm the Final Award in this Court, Respondents introduce irrelevant information to disguise the absence of pertinent legal authorities and facts supporting their position.  Neither of the two objections presented in Respondents' Brief present a sound legal basis for deviating from the well-reasoned findings and conclusions in the Report and Recommendation (D.I. 43 or the "R&R") issued by U.S. Magistrate Judge Sherry R. Fallon.

This case concerns a straightforward debt collection dispute.  Petitioner Frome Wye Limited ("Petitioner") prevailed in arbitration before the Panel on its claim that Respondents breached the contract between the parties, the Law Firm Funding Agreement ("LFFA"), due to Respondent's failure to pay Petitioner upon

1

receipt of Gross Revenue in connection with a Contingency Case.[1]  D.I. 8, Ex. 4. The Panel held Respondents liable to Petitioner as a matter of unambiguous contract interpretation on summary determination after a hearing.  D.I. 8, Ex. 2. After Respondents lost at summary determination, they sought to amend their pleadings to introduce new claims and defenses.  In a well-reasoned Order denying Respondents' Motion to Amend ("MTA Order"), the Panel found all the new claims and defenses to be improperly pled and/or futile and ultimately rejected them in a proper exercise of the Panel's discretion under JAMS Rule 10.  D.I. 8, Ex. 3. While Respondents re-raised some of their defenses during the damages phase of the arbitration, the Panel rejected these defenses again and ultimately issued its Final Award finding in Petitioner's favor and awarding damages on May 31, 2022.  D.I. 8, Ex. 4.

As noted by Judge Fallon in the R&R, Respondents admit that the Federal Arbitration Act ("FAA") "does not permit an arbitration award to be vacated on grounds that the Panel arguably reached the wrong legal conclusion," R&R at 7

---

[1] Despite initial repeated acknowledgement of Respondents' debt to Petitioner and assurances of payment, Respondents failed to pay Petitioner upon receipt of funds from a payment dispute and related arbitration with their client, Space Data Corp. D.I 31, Ex. 1-2; *see also* D.I. 8, Ex. 1, Ex. A (identifying Space Data v Google litigation as a "Contingency Case".) The arbitration was ultimately launched after Petitioner became concerned that Respondents, who had outstanding IRS tax liens encumbering their home, sought to prevent dissipation of the received funds through a nonjudicial foreclosure permitted under the LFFA. D.I. 31, Ex. 27.

(citing D.I. 33 at 1; D.I. 36 at 3), and thus Respondents' complaints regarding the Panel's unambiguous contract interpretation that resulted in Petitioner's success on the merits (*see* Brief at 2-3) are of no moment. Respondents' two objections to the R&R must also be rejected: (1) the "Usury Objection" would have this Court reject the Panel's interpretation of the LFFA despite Respondents' prior acknowledgement that a reviewing court may not substitute its own judgment in place of an arbitral legal conclusion (R&R at 7 (citing D.I. 33 at 1; D.I. 36 at 3)); and (2) the "Due Process Objection" seeks reversal of the Panel's MTA Order and urges this court to hold that despite a lack of any supporting authorities Respondents were entitled to discovery and hearing on claims that were never in the arbitration. *See* R&R at 9. For these reasons and those that follow, the Court should overrule Respondents' objections, adopt the R&R, and enter judgment in favor of Petitioner.

## **LEGAL STANDARD**

Arbitration awards are entitled to a "strong presumption" in favor enforcement. *Mut. Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.*, 868 F.2d 52, 57 (3d Cir. 1989). The "heavy burden" of rebutting that presumption and proving that an arbitration award should be vacated rests on the party opposing its confirmation. *Id.*; *see also Handley v. Chase Bank USA NA*, 387 F. App'x 166, 168 (3d Cir. 2010) ("The party seeking to overturn an award bears a heavy burden….").

3

An arbitration award can be vacated under Section 10 of the FAA in only four distinct circumstances, which are exclusive:

> (1) Where the award was procured by corruption, fraud, or undue means;
> (2) Where there was evident partiality or corruption in the arbitrators;
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. §10; *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008).

## I. Respondents' "Usury Objection" Must Fail

Respondents' first Objection, labelled "Usury Objection," contends that "[Judge Fallon] incorrectly accepted the Panel's October 18, 2021 conclusory aside that the two Partners were the 'guarantors' of the debt, and so were not entitled to the protections of Delaware law." Brief at 6. However, this Usury Objection both misstates the clear (and correct) finding in the R&R and asks this Court to impermissibly set aside the reasoned contractual and legal determinations of the Panel in favor of Respondents' already-rejected contentions. In view of the great deference that a court must grant an arbitrator's interpretation of a contract under the FAA, this Usury Objection should be overruled and the correct conclusions in the R&R should be adopted. *See* R&R at 12-13 (citing *Caputo v. Wells Fargo Advisors, LLC*, No. 20-3059, 2022 WL 1449176, at *4 (3d Cir. May 9, 2022);

*QAD, Inc. v. Block & Co.*, No. 21-mc-370-MN, 2022 WL 1211302, at *3-4 (D. Del. Apr. 25, 2022)).

Judge Fallon correctly found that Respondents cannot relitigate in this Court the Panel's determination that the individual Respondents are "guarantors," regardless of whether the Panel reached the correct decision.  R&R at 12 (citing *Caputo*, 2022 WL 1449176, at *4 ("[U]nder [section] 10(a)(4) of the FAA, a court cannot examine the merits of an arbitrator's decision, correct factual errors, or overrule an award based on a mere disagreement with the arbitrator's interpretation of a contract.")).  Respondents' Brief fails to cite a single case where a reviewing court applying the FAA vacated an arbitration decision based on one party's disagreement with the arbitrator's interpretation of a contract.  *See* Brief at 7-9.

But Respondents' Usury Objection specifically asks this Court to do just that: engage in contract interpretation hoping that this Court will reach a different conclusion than the Panel—specifically, "that the Partners were not guarantors" under the LFFA because they were borrowers.  Brief at 7.  Respondents argue the Panel's "conclusion does not draw its essence from the contract, and is not rationally derived from the LFFA."  Brief at 8.  However, this is flatly contradicted by the Panel's orders and Judge Fallon's proper analysis of this issue in the R&R. The Panel clearly interpreted the LFFA both in its MTA Order and Final Award when concluding that Respondent Hosie Rice LLP was the sole borrower under the

5

terms of the LFFA and, by virtue of its status as an LLP, Delaware usury laws do not apply. *See* D.I. 8, Ex. 3 at 5 & Ex. 4 at 2 (interpreting Sections 4 and 13 of the LFFA and concluding the individual Respondents, Mr. Hosie and Ms. Rice, are not borrowers). The Panel's Final Award clearly lays out its interpretation of the LFFA leading to the Panel's conclusion that the individual Respondents are guarantors. *See* D.I. 8, Ex. 4 at 2. Specifically, the Final Award states:

> [t]hat the firm was the borrower is made clear in Section 4 of the LFFA 'Funder Contributions' which are requested by and made to the firm, and in Section 13, Gross Revenue, Distribution and Security which sets forth how Gross Revenues are to be paid by the Firm and which Gross revenues can be kept by the Firm.

*Id.* Ultimately the Panel concluded that "Section 13.3 permitting Frome Wye to proceed directly against Mr. Hosie and Ms. Rice does not make them borrowers but instead makes them guarantors of payment." *Id.* Thus, the Panel's finding that the firm Respondent was the borrower, and that the individual Respondents were guarantors, was rooted directly in the language of the LFFA itself.

The Panel's interpretation of the LFFA in the Final Award is properly and rationally derived from the contract. And, Respondents raise no challenge to the contention that a usury defense is not available under Delaware statute when the sole borrower is an LLP, as is the case here and was expressly stated by the Panel in the MTA Order that first rejected Respondents' usury defense. *See* D.I. 8, Ex. 3 5 ("Delaware Law denies the defense of usury to corporations and similar entities

6

including LLPs. Hosie Rice, LLP, is the borrower and, therefore, cannot assert a usury defense as a matter of statute. 6 Del. C. § 2306."). Respondents disagree with the Panel's conclusion and urge this Court to make a new, independent contract interpretation that would support a different conclusion regarding the availability of a usury defense. Brief at 7-8. But, as Judge Fallon correctly determined, this Court may not revisit the merits of the contractual interpretations and legal determinations made by the Panel. R&R at 12-13.

FAA section 10(a)(4) limits vacatur of an arbitrator's decision to the rare circumstance where the "arbitrator's award is 'irrational,' meaning that the award fails to draw its essence from the agreement and cannot be rationally derived from the agreement, or that the record contains no support for the arbitrator' determination." *QAD*, 2022 WL 1211302, at *2 (cited in R&R at 12). Here, the Panel's orders considering Respondents' usury defense, the MTA Order and Final Award, illustrate rational contract interpretation and reasoned application of the relevant law to the facts of this case. *See* D.I. 8, Ex. 3 at 5 & Ex. 4 at 2. Accordingly, Judge Fallon's recommendation that the Final Award incorporating the Panel's determination that no usury defense is available to Respondents must be confirmed. R&R at 12-13.

## II. Respondents' "Due Process" Objection Lacks Basis in Law or Fact

While not stated clearly, the essence of Respondents' second objection appears to be a "due process" challenge based on the Panel's determination to deny Respondents' Motion to Amend and not permit Respondents to take discovery or hold an evidentiary hearing on claims and defenses that were never part of the arbitration. Brief at 9-10.

First, Respondents claim, without citation to the record or any pertinent authority, that "[i]t is improper to decide carefully pled factual issues in a pleading motion" and "the facts set forth in the Amended Complaint were detailed, and persuasive on their face." Brief at 9. However, these arguments fly in the face of both the standards set forth in the JAMS Rules, which were adopted by the parties by agreement in the LFFA (R&R at 2, n.4 (citing D.I. 8, Ex. 1)), and the Panel's clear and reasoned analysis of the Proposed Amended Complaint in its MTA Order. As the R&R recognizes, "a court's role in reviewing an arbitrator's procedural decisions is extremely limited" and JAMS Rule 10 provides that, "[o]nce an arbitrator has been appointed, 'no new or different claim may be submitted, except with the Arbitrator's approval.'" R&R at 9 (citing *Sabre GLBL, Inc. v. Shan,* 779 F. App'x 843, 856 (3d Cir. 2019); JAMS Rule 10 (D.I. 31, Ex. 21)). Whether new claims could be added to the case was a procedural decision that fell entirely within the Panel's discretion. The Panel did not abuse its

8

discretion by denying the Motion to Amend and, to the contrary, issued a reasoned opinion finding fatal pleading deficiencies and futilities with each of the claims and defenses that Respondents sought to add to the case, as discussed in the R&R. R&R at 9 (citing D.I. 8, Ex. 3 at 1-5).  Respondents provide no argument regarding why an arbitration award should be vacated based on a Panels' exercise of its proper discretion to deny a motion to amend under JAMS Rule 10, especially where the Panel addressed the claims and defenses and found that they failed to meet Delaware law requirements for pleading particularity and/or futility.  *Id*. Ultimately, Judge Fallon correctly concluded in the R&R that Respondents lack any authority for their contention that the Panel's denial of the Motion to Amend gives rise to an FAA-recognized basis for vacatur.  R&R at 9.

Respondents' objection extends to the basis that they were "denied any discovery or a merits hearing based on a shared agreement to narrow and tailor discovery with an early ruling on a gating contract issue." Brief at 10.  However, the claims and defenses propounded by Respondents after summary determination were never permitted in the arbitration—and Respondents cite no authority for the proposition that a failure to conduct a hearing on issues not in the arbitration is a basis for vacatur under FAA Section 10(a)(3).  Moreover, as noted in the R&R, "Respondents have not identified any discovery, testimony, or evidence they did not have an opportunity to present to the Panel." R&R at 10.  In fact, the sole case

9

cited in Respondents' Brief pertaining to this objection, *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236,245 (3d Cir. 2021), affirms the confirmation of an arbitration award and bears no relevance to the question of whether discovery must be permitted and a hearing held on claims that are not part of an arbitration.

As correctly determined by Judge Fallon, the Panel resolved at summary determination that Respondents were liable to Petitioner under the LFFA, and Respondents admit they cannot relitigate this summary determination ruling. R&R at 11. Judge Fallon further properly found that "there is no point to [Respondents'] argument that they were denied a fair hearing on vague issues that would not undermine the Panel's ruling establishing their undisputed contractual liability to Petitioners." *Id.* As such, there is no basis to vacate the Final Award for a lack of "due process" under Section 10(a)(3) and, accordingly, the recommendation to confirm the Final Award should be adopted.

## CONCLUSION

Respondents' Objections should be overruled, and Magistrate Judge Fallon's Report and Recommendation recommending GRANTING Plaintiff Frome Wye Limited's Motion to Confirm the Arbitration Award (D.I. 29) and DENYING Respondents' Motion to Vacate (D.I. 23) should be adopted in its entirety, and judgment in favor of Petitioner and against Respondents in the amount of $1,817,000.00 plus pre- and post-judgment interest should be entered.

Dated: January 13, 2023					BAYARD, P.A.

							*/s/ Peter B. Ladig*
							Peter B. Ladig (#3513)
							Ronald P. Golden III (#6254)
							600 N. King Street, Suite 400
							P.O. Box 25130
							Wilmington, Delaware 19899
							pladig@bayardlaw.com
							rgolden@bayardlaw.com

							*Attorneys for Plaintiff Frome Wye Limited*

11

**Certificate of Font-Type Size and Word Count Compliance**

I hereby certify that the forgoing brief complies with the Honorable Colm F. Connolly's *Standing Order Regarding Briefing In All Cases,* in that it has been prepared with Times New Roman font, 14 point, and the substance of this brief totals 2,481 words according to the word-processing system used to prepare it, which falls within the 2,500 word limitation.